J-S17028-16

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL SCOTT MUZZY, | |
| Appellant | No. 1215 WDA 2015 |

Appeal from the PCRA Order July 21, 2015
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000043-2013

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 15, 2016**

Appellant, Daniel Scott Muzzy, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  For the reasons that follow, we affirm.

By information filed February 13, 2013, Appellant was charged with rape of a child, statutory sexual assault, involuntary deviate sexual intercourse ("IDSI") with a child, aggravated indecent assault, indecent assault, and corruption of a minor.  The affidavit of probable cause, filed by Warren County Police Officer Jeffrey P. Osborne, indicates that the nine-year-old female victim's father contacted police on December 3, 2012, and reported that his daughter revealed that Appellant had sexually assaulted her.  The affidavit states that Appellant:

---

[*]  Former Justice specially assigned to the Superior Court.

had gone into [the victim's] room[1] on 4–5 occasions during the late night hours. [Appellant] during the last time he came into her room had pulled her panties and pajamas down, taking them both down by pulling one of the legs of her pajamas off. [Appellant] was licking and kissing her "down there" and that [Appellant] had hurt her vaginal area buy [sic] penetrating her when he was down there.

Affidavit of Probable Cause, 1/31/13, at 1.

On April 12, 2013, Appellant pled guilty pursuant to a negotiated plea to IDSI at count three "with the Commonwealth agreeing not to seek the mandatory minimum sentence of ten years; and further, that the Commonwealth will stand mute at the time of sentencing." N.T. (Guilty Plea), 4/12/13, at 3. In addition, the Commonwealth sought *nolle prosequi*, which the trial court entered, of all remaining charges. The Sexual Offenders Assessment Board ("SOAB") determined on July 30, 2013, that Appellant met the criteria to be designated a Sexually Violent Predator ("SVP"). Following an SVP hearing, the trial court designated Appellant an SVP on October 8, 2013. Also on that date, the trial court sentenced Appellant to a term of incarceration of ten to twenty years for IDSI, to run consecutively to an unrelated sentence Appellant was serving at that time. On October 17, 2013, Appellant filed a motion to reconsider his sentence, which the trial court denied on November 19, 2013. Appellant did not file an appeal.

---

[1] The record does not reveal Appellant's relationship to the victim's family.

On November 12, 2014, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on April 29, 2015. The PCRA court conducted an evidentiary hearing on July 16, 2015, and thereafter denied Appellant's PCRA petition on July 21, 2015. Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant's counsel, who is different than plea counsel, filed an application to withdraw and thereafter filed a document purporting to be a **Turner**/**Finley**[2] "no merit letter." We determined that counsel's purported **Turner**/**Finley** filing was more akin to a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). **Commonwealth v. Muzzy**, __ A.3d __, ___, 2016 PA Super 77, at *1 n.3 (Pa. Super. 2016) (filed March 31, 2016). However, because an **Anders** brief provides greater protection to a defendant, we accepted it in lieu of a **Turner**/**Finley** "no-merit" letter. **Muzzy**, 2016 PA Super 77 at *1 n.3 (citing **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014)).

In reviewing counsel's compliance with the procedural requirements for withdrawing as counsel, however, we concluded that counsel's letter to Appellant incorrectly worded the description of his rights in *lieu* of representation, which resulted in the provision of inaccurate information to Appellant. **Muzzy**, 2016 PA Super 77 at *2 ("Counsel's letter to Appellant

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

render[ed] her attempt to withdraw as counsel defective under relevant case law prescribing the proper procedure for withdrawal in a collateral appeal."). As a result of counsel's misstatement, we concluded that the petition to withdraw was deficient, and we denied it. Rather, we remanded this case and instructed counsel "either to file an advocate's brief or to refile her 'no-merit' letter under **Turner/Finley**." **Muzzy**, 2016 PA Super 77 at *3. If she chose the latter, we directed that counsel's letter to Appellant shall provide, *inter alia*, accurate notice of Appellant's immediate right to proceed *pro se* or with private counsel. **Id**.

Curiously, in response to our directive, counsel has now filed both an advocate's brief[3] **and** a petition to withdraw as counsel. This suggests that counsel fails to comprehend the difference between a merits brief and a "no-merit" letter pursuant to **Turner/Finley**. **Compare Commonwealth v. Santiago**, 978 A.2d 349, 359–360 (Pa. 2009) ("[A] merits brief . . . implies that an issue is worthy of review and has some chance of succeeding"), with **Turner**, 544 A.2d at 928 (clarifying that when counsel seeks to withdraw in a collateral matter, counsel must present a "no-merit" letter detailing nature and extent of review along with counsel's explanation of why raised issues

---

[3] Counsel has averred that she is filing an advocate's brief "at the strong urging of the Superior Court." Appellant's Brief at 5. This is patently inaccurate. Our prior decision filed on March 31, 2016, included no suggestion advocating one position or another. **Muzzy**, 2016 PA Super 77 at *3. Our sole purpose was to correct the misinformation counsel had provided to her client and to clarify counsel's misstatement for the bar of the Court.

are meritless). Further, while counsel corrected the inartful language in her letter to Appellant, she averred therein that she was filing an "advocate's brief per the decision under **Anders v. California**." Petition, 4/13/16. Such statement evidences a failure to comprehend the holdings of **Turner**/**Finley** and **Anders** and their disparate applicabilities.

Because our review of counsel's brief in support of Appellant's appeal reveals that she has filed a merits brief, despite the moniker she assigns it, and notwithstanding counsel's statement in the accompanying petition to withdraw that the issues identified in Appellant's PCRA petition "have no merit," we will treat the case accordingly. Therefore, we deny counsel's petition to withdraw as counsel because, in all other respects, counsel now proceeds with her representation of Appellant as if she did not file a petition to withdraw.[4]

Counsel raises the following issue for our review:

A. Whether trial counsel was ineffective for failing to explain the Appellant's rights and the ramifications of a plea of guilty along with whether counsel was ineffective for promising [that] the Appellant would receive a certain sentence?

Appellant's Brief at 2 (full capitalization omitted).

The PCRA clearly encompasses claims that arise where a guilty plea is unlawfully induced. **See** 42 Pa.C.S. § 9543(a)(2)(iii) (stating relief is available under the PCRA where "the conviction or sentence resulted" from

---

[4] We note that Appellant has not indicated a willingness to proceed *pro se* or with other counsel.

"[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent"). Thus, the identified issue is cognizable under the PCRA. *Commonwealth v. Oliver*, 128 A.3d 1275, 1280 (Pa. Super. 2015).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Appellant's issue asserts a claim of ineffective assistance of plea counsel. To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel. *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to

pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

The essence of Appellant's ineffectiveness claim as stated in his *pro se* PCRA petition is that plea counsel failed to accurately apprise Appellant of his prior record score and erroneously advised him that any sentence of incarceration imposed in the case would run concurrently to the sentence he was then serving. *Pro se* PCRA Petition, 11/12/14, at 4.[5] In his *pro se* and amended petitions and in his brief to this Court, Appellant avers that plea counsel's failure to explain the ramifications of pleading guilty, as evidenced by Appellant's questions to the court during the plea colloquy, proved that counsel provided ineffective assistance. *Pro se* PCRA Petition, 11/12/14, at 4; Amended PCRA Petition, 4/29/15, at ¶ 3; Appellant's Brief at 8. The PCRA hearing focused on both contentions. Appellant maintains that his detrimental reliance on information provided by counsel rendered his guilty plea unknowing and involuntary. Amended PCRA Petition, 4/29/15, at ¶ 7; Appellant's Brief at 10. Our review of the complete record and of the notes of testimony from the PCRA hearing, in particular, dispels such conclusions and indeed, confirms the contrary.

---

[5] Appellant also alleged that the public defender's office failed to retain an independent sex offender evaluator. *Pro se* PCRA Petition, 11/12/14, at 4; Amended PCRA petition, 4/29/15, at ¶ 8. Testimony at the PCRA hearing established otherwise, however, and Appellant withdrew the allegation. N.T. (PCRA), 7/16/15, at 47.

Appellant's primary defense counsel, John R. Parroccini, the Public Defender of Warren County, and his assistant, Attorney Alan M. Conn, both testified at the PCRA hearing, as did Appellant. Appellant admitted that initially, counsel's identification of the applicable prior record score was dependent on Appellant's own description of his prior record, and he neglected to reveal his felony adjudication when he was a juvenile because he did not believe "it follow[ed] you through adulthood." N.T. (PCRA), 7/16/15, at 36, 59. Attorney Conn explained that Appellant wrote to him "repeatedly regarding his prior record score [asking] if that could be changed." *Id*. at 24. Attorney Parroccini testified that he explained the charges Appellant was facing and the possible sentences in detail, beginning at the preliminary hearing. *Id*. at 7. He advised Appellant that he could not "promise or guarantee any sentence. That, that's entirely up to the Judge." *Id*. Attorney Parroccini negotiated the plea offer for Appellant, who was facing "six felony charges, . . . at least two felony one charges, each carrying mandatory minimum ten years." *Id*. at 15, 16.[6] Defense counsel assured Appellant at the plea colloquy "that he could certainly withdraw his plea or not plead guilty." *Id*. at 9. In addition, at the plea colloquy, Public

---

[6] In the *pro se* PCRA petition and in his brief, Appellant references the applicability of a mandatory minimum sentence. *Pro se* PCRA Petition, 11/12/14, at 4; Appellant's Brief at 10. The record reflects that the negotiated plea provided "that the Commonwealth agreed[] not to seek the mandatory minimum sentence," N.T. (Guilty Plea), 4/12/13, at 3, and in fact, the court did not impose a mandatory sentence. Sentencing Order, 10/8/13; Court Commitment, 12/11/13, at 1; N.T. (Sentence Reconsideration), 11/8/13, at 4; N.T. (PCRA), 7/16/15, at 10.

Defender Parroccini referenced multiple "face-to-face meetings" with Appellant and "at least six" items of correspondence "which go into great detail about the Sentencing Guidelines, about the options available to [Appellant], about the ramifications of or the consequences of entering a plea." *Id*. at 17. The trial court credited counsels' testimony. PCRA Court Opinion, 8/31/15, at 2.

It is clear that the underlying issue lacks arguable merit. The PCRA court determined that the record did not support Appellant's claims. N.T. (PCRA), 7/16/15, at 78. In addressing the issue, the PCRA court explained as follows:

> The Court found that trial counsel properly explained all of Appellant's rights to him. Both attorneys from the Public Defender's Office explained that they employed their standard procedure in explaining Appellant's rights to him. During Plea Court, Appellant had numerous questions regarding his rights. Trial counsel explained that he fully answered Appellant's questions but Appellant did not like the answers. Trial counsel explained Appellant's rights to him in face-to-face meetings and in correspondence including six letters that went into great detail regarding Appellant's rights. Appellant refused to accept the explanations provided by trial counsel without confirmation by either his own research or the Court's explanations. After the Court answered Appellant's questions, then Appellant stated that trial counsel's explanations were satisfactory and that trial counsel was competent and effective. Furthermore, Appellant stated at the Post-Conviction Relief Act Hearing that he chose to only inform trial counsel about his adult prior record because his review of law books led him to believe that a juvenile record would not impact his prior record score as an adult. Appellant cannot claim that trial counsel failed to explain the consequences of pleading guilty when he misled counsel about his prior record. The record shows that trial counsel properly explained Appellant's rights to him and that the Court also explained his rights. Therefore, Appellant's first claim must fail because there

was no merit to the claim and the result would not have been different.

> The Court found that trial counsel did not promise what sentence the Court would impose. Trial counsel explained that it is standard practice to explain to a defendant that counsel cannot promise a specific sentence. Trial counsel also explained that he could request a concurrent sentence but it was up to the discretion of the Court. Additionally, Appellant misled trial counsel about his prior record after trial counsel explicitly explained that trial counsel could only explain the permissible sentencing ranges if trial counsel knew Appellant's complete prior record. During Plea Court, Appellant answered that nobody made any promise to him to plea[d] guilty. There was no evidence that trial counsel failed to explain that there was no promise regarding what sentence the Court would impose.

PCRA Court Opinion, 8/31/15, at 2–3 (internal citations to the record omitted).

We conclude that Appellant's issue lacks arguable merit. Therefore, Appellant is not entitled to relief.

Order affirmed. Petition for Leave to Withdraw as Counsel denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2016